886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SWIGERT, Plaintiff-Appellant,
v.
Arthur TATE, Jr., Supt., Defendant-Appellee.
 No. 89-3174.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Naming the prison warden as the sole defendant, Robert Swigert alleged that, while he was waiting in the food line, another inmate attacked him without provocation and caused him serious physical injury. He alleged that the other inmate was "a known mentally incompetent inmate" recently transferred from a maximum security prison. Swigert asked for unspecified monetary relief and an injunction barring the transfer of drug dependent and mentally retarded inmates from maximum security facilities.
 
 
 4
 In a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), defendant asserted Swigert did not allege any conduct by defendant resulting in the injury. In response, Swigert asserted that defendant was negligent in his failure to properly train corrections officers to protect inmates from attack by known mentally retarded and potentially dangerous inmates. The motion to dismiss was denied.
 
 
 5
 Defendant then filed a motion for summary judgment with supporting affidavits, stating that defendant was not involved in training of corrections officers. In his reply, Swigert conceded that defendant is not personally involved with training, but maintained that he is nonetheless responsible for hiring qualified personnel. The district court granted summary judgment for defendant.
 
 
 6
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendant was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 Swigert's factual allegations do not support the conclusion that he was deprived of life, liberty or property without due process of law. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Moreover, to state an eighth amendment claim, Swigert must allege more than simple negligence; he must establish recklessness or callous neglect amounting to deliberate indifference. See McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). And in any event, a state official acting in his official capacity is not subject to liability under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. ----, 105 L.Ed.2d 45, 109 S.Ct. ---- (1989).
 
 
 8
 Finally, contrary to Swigert's assertion, he was not entitled to complete discovery prior to entry of summary judgment. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 9
 Accordingly, the district court's summary judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief Judge of the United States District Court for the Middle District of Tennessee, sitting by designation